﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 191126-50589
DATE: February 26, 2021

ORDER

Entitlement to an evaluation in excess of 0 percent for bilateral hearing loss is denied.

FINDING OF FACT

Veteran’s bilateral hearing has been manifested by hearing acuity of no worse than Level I in the right ear and no worse than Level II in the left ear.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Navy from January 1956 to January 1959. This case comes before the Board of Veterans’ Appeals (Board) on an appeal from a May 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office. 

On November 12, 2019, the Veteran filed a VA Form 10182 Notice of Disagreement appealing his claims for an increased rating for bilateral hearing loss and service connection for tinnitus. However, on the same day, he filed a Supplemental Claim, VA Form 20-0995, requesting that the Veteran’s Benefits Administration reconsider the claim for service connection for tinnitus after submission of new and relevant evidence. Under the Appeals Modernization Act, a claimant who has filed for review under one of the options available under paragraph (a) of 38 C.F.R. § 3.2500 may not choose another lane of review with respect to the same claim or same issue contained within the claim until the higher-level review, supplemental claim, or notice of disagreement is adjudicated; or the request for higher-level review, supplemental claim, or notice of disagreement is withdrawn. 38 C.F.R. § 3.2500(e). Accordingly, the Board does not have jurisdiction to adjudicate the appeal for service connection for tinnitus. It is also noted, the Veteran was granted service connection for tinnitus in a February 2020 rating decision. 

In the Veteran’s VA Form 10182 Notice of disagreement, he chose the hearing review lane. A hearing was scheduled and held on January 28, 2020. However, a notice was sent to the Veteran on January 12, 2021, informing him the Board was unable to produce a complete transcript of his hearing due to audio malfunctions. The notice provided the Veteran with the option to either indicate his desire to testify at another hearing or have his claim adjudicated without a hearing transcript. The Veteran was given thirty days to respond, and if he did not, the Board would assume he did not desire another hearing and to have his case adjudicated by the Board. Having heard no response, the Board adjudicates his claim. 

Increased Rating

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the veteran working or seeking work. 38 C.F.R. § 4.2. All reasonable doubt will be resolved in the claimant’s favor. 38 C.F.R. § 4.3. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise the lower rating is to be assigned. 38 C.F.R. § 4.7.

Separate ratings can be assigned for separate periods based on the facts found – a practice known as “staged” ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). Staged ratings are appropriate whenever the factual findings show distinct periods where the service-connected disability exhibits symptoms that would warrant different ratings. Id. 

Ratings for hearing loss are determined in accordance with findings obtained on an audiometric examination. Hearing loss disability evaluations range from noncompensable (0 percent) to a maximum of 100 percent based on organic impairment of hearing acuity, as measured by controlled speech discrimination tests (Maryland CNC) in conjunction with the average hearing threshold, as measured by pure tone audiometric tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second (Hertz). The rating schedule establishes eleven auditory acuity levels, designated from Level I for essentially normal hearing through Level XI for profound deafness. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992). 

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of pure tone audiometry tests. These results are then charted on Table VI, or Table VIA in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII, as set out in the Rating Schedule. 38 C.F.R. § 4.85. An exceptional pattern of hearing loss occurs when the pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more, or when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz. 38 C.F.R. § 4.86. 

Entitlement to an evaluation in excess of 0 percent for bilateral hearing loss

The Veteran seeks a rating in excess of 0 percent for his service-connected bilateral hearing loss. He was granted service connection and a 0 percent disability rating in a May 2019 rating decision. 

The Veteran underwent a VA hearing loss examination in April 2019. The pure tone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hertz were 45, 45, 55, and 60, respectively, in the right ear and 45, 55, 55, and 65, respectively, in the left ear. No exceptional pattern of hearing loss was shown. The examiner noted that the pure tone threshold average in the right ear was 51.25 decibels and the average in the left ear was 55 decibels. Speech discrimination, using the Maryland CNC, was 94 percent in the right ear and 88 percent in the left ear. The foregoing audiometry test results equate to Level I hearing in the right ear and Level II in the left ear pursuant to Table VI. Applying the percentage ratings for hearing impairment found in Table VII, Level II hearing in one ear and Level I hearing in the other ear results in a 0 percent rating.

In September 2019, the Veteran had a private audiology examination. His pure tone thresholds in decibels at the tested frequencies 1000, 2000, 3000, and 4000 Hertz were 50, 60, 60, and 70, respectively, in the right ear, and 50, 70, 60, and 65, respectively in the left ear. There was no exceptional pattern of hearing loss shown. However, the examination did not use the Maryland CNC test for speech discrimination, instead opting for a different test. Consequently, because it did not use the Maryland CNC test for speech discrimination as required by VA regulation, this examination is inadequate for VA rating purposes. See 38 C.F.R. § 4.85 (a). 

The Veteran underwent another VA audiogram in December 2019, results showing pure tone thresholds in decibels at the tested frequencies 1000, 2000, 3000, and 4000 Hertz were 50, 50, 60, and 65, respectively, in the right ear and 50, 60, 60, and 70, respectively, in the left ear. There was no exceptional pattern of hearing loss shown. The pure tone threshold average in the right ear was 56.25 decibels and the average in the left ear was 60 decibels. Using the Maryland CNC, speech discrimination was 100 percent in the right ear and 92 percent in the left ear. The foregoing audiometry test results equate to a Level I in the right ear and a Level II in the left ear pursuant to Table VI. Applying the percentage ratings for hearing impairment found in Table VII, Level I in one ear and Level II in the other ear results in a 0 percent rating. 

The Veteran had another private audiology examination in April 2018. The audiologist from the September 2019 private examination noted the prior examination. Also, in an August 2018 VA audiology consult note, the VA examiner noted the examination saying the Veteran presented the April 2018 private audiogram. She reported that the private examination revealed a mild to severe sensorineural hearing loss in both ears, and his word recognition scores were excellent in his right ear and poor in his left ear using monitored live voice (MLV). However, this examination is not in the file. While it is clear that the Maryland CNC test for speech discrimination was not used, rendering it inadequate for VA rating purposes, it is also clear that the Veteran had a copy of this examination as he presented it to the VA examiner. The Veteran was provided notice of his duty to provide relevant evidence, but neither he nor his counsel chose to present this examination or ask the VA to acquire it. The Veteran is reminded that the duty to assist is a two-way street, and the Veteran cannot wait passively for help in circumstances where he may or should have information that is essential to his claim. Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Board is satisfied the RO has met its duty to assist.

Based on the foregoing, the Board finds the VA examinations competent and more probative and that the preponderance of the evidence is against the claim for an increased rating in excess of 0 percent. In reaching such determination, the Board considered the benefit of the doubt doctrine; however, as the preponderance of the 

(Continued on the next page)

 

evidence is against the Veteran’s claim, such doctrine is not applicable, and it must be denied. See 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Doerfler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.